Rule 402.    Request for Order of Execution. Entry of Judgment in Court of Common Pleas **or Philadelphia Municipal Court**

A.    **(1)**    Execution of a judgment for the payment of money rendered by a magisterial district judge may be ordered by a magisterial district judge in whose office the judgment was rendered or entered, provided the plaintiff files in that office

**[(1)]** **(a)**    not before the expiration of 30 days from the date the judgment is entered by the magisterial district judge, and

**[(2)]** **(b)**    within five years of that date,

a request for an order of execution.

**(2)    The magisterial district judge in whose office the judgment was rendered or entered shall accept all timely requests for an order of execution on that judgment, including when the location of the property to be levied upon is located outside the county of the magisterial district where the judgment was rendered or entered.**

B.    The request form shall be attached to the order, return and other matters required by these rules.

C.    The plaintiff may enter the judgment, for the purpose of requesting an order of execution thereon, in an office of a magisterial district judge other than that in which it was rendered only if levy is to be made outside the county in which the judgment was rendered and the office in which the judgment is entered for execution is that of **[a] the** magisterial district judge whose magisterial district is situated in the county in which levy is to be made.

The plaintiff may enter the judgment in such other office by filing therein a copy of the record of the proceedings containing the judgment, certified to be a true copy by the magisterial district judge in whose existing office the judgment was rendered or by any other official custodian of the record.

D.    (1)    The plaintiff may enter the judgment in the court of common pleas in any county **or the Philadelphia Municipal Court**. When so entered, the indexing, revival and execution of the judgment shall be in accordance with procedures applicable in the court of common pleas **or the Philadelphia Municipal Court**.

(2)    The judgment may be entered in the court of common pleas **or the Philadelphia Municipal Court** by filing with the prothonotary **or Philadelphia Municipal Court Administrator** a copy of the record of the proceedings containing the judgment,

certified to be a true copy by the magisterial district judge in whose office the judgment was rendered or by any other official custodian of the record.

(3) The judgment may be entered in the court of common pleas **or the Philadelphia Municipal Court** after 30 days from the date the judgment is entered by the magisterial district judge. The judgment may not be entered in the court of common pleas **or the Philadelphia Municipal Court** after five years from the date the judgment is entered by the magisterial district judge.

(4) (a) Within 14 days of entering the judgment in the court of common pleas **or the Philadelphia Municipal Court**, the plaintiff shall file satisfactory proof of the entry of judgment with the magisterial district court that entered the judgment, and the magisterial district court shall vacate the judgment from its docket.

(b) If after 14 days of entering the judgment in the court of common pleas **or the Philadelphia Municipal Court**, the plaintiff fails to comply with subparagraph 4(a) of this rule, the defendant may file such proof with the magisterial district court that entered the judgment, and the magisterial district court shall vacate the judgment from its docket.

(5) Except as provided in **sub**paragraphs D(4) and D(6) of this rule, once the judgment is entered in the court of common pleas **or the Philadelphia Municipal Court** all further process must come from **[the court of common pleas]** **that court** and no further process may be issued by the magisterial district judge.

(6) The magisterial district judge shall enter satisfaction on the docket of the magisterial district court proceedings upon the filing by any party in interest of a certified copy of the docket entries of the court of common pleas **or the Philadelphia Municipal Court** showing the judgment and satisfaction have been entered in **[the court of common pleas]** **that court**.

E. (1) As used in this rule, a judgment marked ''expired'' is a judgment that cannot be satisfied, revived, or vacated because the five-year period designated in Rule 402 has elapsed.

(2) If the plaintiff does not request an order of execution in a magisterial district court or enter the judgment in a court of common pleas **or the Philadelphia Municipal Court** within five years of the date the judgment was entered by the magisterial district judge, then the judgment shall be marked expired.

Official Note: **The discretionary language used throughout paragraphs A(1), C, and D is intended to reflect the various options available to the plaintiff for executing upon a judgment rendered by a magisterial district judge.**

Under **[subdivision] paragraph** A**(1)** of this rule, the execution proceedings are commenced by requesting an "order of execution." The request may not be filed before the expiration of 30 days after the date the judgment is entered by the magisterial district judge. This will give the defendant an opportunity to obtain a supersedeas within the appeal period. The request must be filed within five years of the date the judgment is entered by the magisterial district judge. No provision has been made for revival of a judgment in magisterial district court proceedings.

**Under paragraph A(2), if the plaintiff requests an order of execution in the magisterial district court where the judgment was entered and the property to be levied upon is outside the county of that magisterial district, then the magisterial district judge shall accept the request and use the available automated system to facilitate the transfer of the request to the magisterial district court in the magisterial district where the property is located. The magisterial district judge who receives a request to levy upon property located outside the county of the magisterial district shall neither reject it solely on this basis nor direct the plaintiff to file it with the other court. This requirement is consistent with Rule 403A, which provides that "[u]pon the filing of the request form, the magisterial district judge … shall issue the order of execution thereon."**

**[Subdivision] Paragraph** C provides for entering the judgment, for the purpose of requesting an order of execution, in an office of a magisterial district judge other than that in which the judgment was rendered when levy is to be made outside the county in which the judgment was rendered. **[Compare]** *Compare* Pa.R.C.P. No. 3002.

As to **[subdivision] paragraph** D, **[see]** *see* Section 1516 of the Judicial Code, 42 Pa.C.S. § 1516.  The 30**-**day limitation in the rule appears to be required by this Section.  Certification by the magisterial district judge should not be done before the expiration of 30 days after the date of entry of the judgment.  The only method available to renew a judgment would be to record the judgment in the **[P]p**rothonotary's **or Philadelphia Municipal Court Administrator's** office prior to the expiration of the five-year period and then follow the applicable Rules of Civil Procedure for the revival of judgments. **[See]** *See* Pa.R.C.P. No. 3025 **[et seq.]** *et seq.***; *see also* Phila. M.C.R. Civ.P. No. 126c.**  Also, **[subdivision] paragraph** D makes clear that when the judgment is entered in the court of common pleas **or the Philadelphia Municipal Court**, all further process shall come from **[the court of common pleas] that court** and that no further process shall be issued by the magisterial district judge except that the magisterial district judge shall enter on the magisterial district court docket vacating of the judgment due **to** its entry at the court of common pleas **or the Philadelphia Municipal Court**, or proof of

3

satisfaction of a judgment that had been entered in the court of common pleas **or the Philadelphia Municipal Court** and subsequently satisfied in that court.  This exception is necessary so that procedures exist for entering satisfaction of all judgments with the magisterial district court, regardless of whether the judgment has been certified to and satisfied in the court of common pleas **or the Philadelphia Municipal Court**.  A plaintiff filing a judgment in the court of common pleas **or the Philadelphia Municipal Court** is required to file satisfactory proof of the entry of judgment with the magisterial district court that entered the judgment, and the magisterial district court will then vacate its judgment.  This step ensures that only the enforceable common pleas **or Philadelphia Municipal Court** judgment will be reportable as an outstanding liability of the defendant.

   **[Subdivision]** **Paragraph** E provides that a judgment shall be marked expired if the plaintiff does not request an order of execution in a magisterial district court or enter the judgment in a court of common pleas **or the Philadelphia Municipal Court** within five years of the date the judgment was entered by the magisterial district judge.  Limiting the time period for entry of the judgment to five years will give a plaintiff sufficient time to act without indefinitely penalizing a defendant.